# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**LAWRENCE KIDD,**                      )
                                        )
            **Plaintiff,**              )
                                        )
**v.**                                  )     **Civil Action No. 09-0486 (ESH)**
                                        )
**TOM VILSACK, Secretary,**             )
**United States Department of Agriculture,**   )
                                        )
            **Defendant.**              )
_____ )


## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has brought this action under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that he was subjected to racial discrimination

and retaliation while employed as an administrative specialist in the Forest Service's Law

Enforcement and Investigations Unit ("LEIU").  Defendant has moved to dismiss or, in the

alternative, to transfer the case to the Eastern District of Virginia.  As is clear from plaintiff's

complaint, defendant's motion, and plaintiff's response, this action does not properly lie here

because it does not satisfy Title VII's specific venue provision set forth in 42 U.S.C. § 2000e-

5(f)(3).  Therefore, defendant's motion to transfer will be granted.

## BACKGROUND

Plaintiff was hired by the LEIU in August 2000.  In January 2001, plaintiff and his

supervisor, Guadalupe Renteria, interviewed applicants for a receptionist position.  Plaintiff

alleges that both during and after the interviews, Renteria made racially offensive comments.

Plaintiff reported the incident to the director and deputy director of the LEUI.  In response,

Renteria told plaintiff that he was going to fire him, and thereafter, the following allegedly discriminatory and retaliatory events occurred:  Renteria changed plaintiff's annual appraisal from satisfactory to marginal in February 2001, denied plaintiff a promotion in August 2001, and refused to give plaintiff an annual appraisal for FY 2001; plaintiff was suspended once for five days and once for 30 days; plaintiff's pay was delayed on several occasions; and plaintiff was removed from federal service in November 2003.  (*See* Compl. ¶ C.)

## DISCUSSION

### I.   Venue

Title VII includes a specific venue provision, which permits actions to "be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ."  42 U.S.C. § 2000e-5(f)(3).  In the event that defendant cannot be found in any such district, venue is proper in any judicial district where the defendant has its principal office.  *Id.*  The venue provision of Title VII "controls any other venue provision governing actions in federal court."  *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) (quoting *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)).

To support his contention that venue is not proper here, defendant has submitted the declaration of Jose Puente, a budget analyst in the LEIU and plaintiff's first-line supervisor from April 2002 to 2003.  (*See* Declaration of Jose Puente ¶¶ 1, 3 (attached as Ex. A to Mot. to Dismiss or Transfer).)  According to Puente, plaintiff worked in the LEIU office located in Arlington, Virginia throughout his tenure with the unit.  Moreover, Puente, Renteria, and the

other supervisors mentioned in plaintiff's complaint all worked in the Arlington office.  (*Id.* ¶¶ 2-4.)  If plaintiff had been promoted to a GS-11 in August 2001, when plaintiff alleges that he was denied such a promotion, plaintiff's new position would have required him to continue working in the Arlington office.  (*Id.* ¶ 5.)  Finally, while plaintiff's employment records were initially maintained in Arlington, they are currently located in Albuquerque, New Mexico.  (*Id.* ¶ 6.)  Plaintiff does not dispute these assertions.  Instead, he contends that venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e) because the Forest Service, which is an agency of the United States Department of Agriculture, is headquartered in the District and defendant is located here.  (Reply at ¶¶ 1, 4.)  However, this general venue statute cannot trump Title VII's special venue provision.  *See Archuleta v. Sullivan*, 725 F. Supp. 602, 604 (D.D.C. 1989) (rejecting contention that in a suit against the federal government, 28 U.S.C. § 1391 applies rather than Title VII's venue provisions).

Accordingly, because the employment practices at issue in this case were committed in Arlington, Virginia, which is also the jurisdiction in which plaintiff would have continued to work had he received a promotion, and because the relevant employment records are maintained outside the District, venue is improper here.

## II.    Transfer under § 1406(a)

When a case is filed in an improper venue, the district court where the case is filed may dismiss it or "in the interest of justice," transfer the case to any district in which it could have been brought.  28 U.S.C. § 1406(a).  In this case, the Eastern District of Virginia is proper under Title VII's venue provision, and the Court concludes that a transfer to that district will promote the interests of justice.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss or transfer will be granted in part, and this case will be transferred to the United States District Court for the Eastern District of Virginia.  A separate Order accompanies this Memorandum Opinion.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 14, 2009